# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MERGE HEALTHCARE INC.,

    Plaintiff,

v.                                        Case No. 10-CV-82

RICHARD A. LINDEN,
and SCOTT T. VEECH,

    Defendants.

## ORDER

On July 9, 2010, defendants Richard A. Linden and Scott T. Veech ("defendants") filed a Motion to Dismiss for Lack of Jurisdiction (Docket #18) pursuant to Federal Rule of Civil Procedure 12(b)(1). This case arises from a complaint (Docket #1) filed by plaintiff Merge Healthcare, Inc., ("Merge") on February 1, 2010, which requested a declaratory judgment (Compl. ¶¶ 57-70), regarding duties under the Wisconsin Business Corporation Law and also alleged breach of undertaking agreements, *id.* at ¶¶ 71-78. The claims seek recovery of legal fees already advanced in defense of a series of proceedings, a declaration that Merge has no further obligation to advance legal fees or indemnify the defendants for liability incurred, and recovery of other damages related to breach of the agreements. *Id.* at ¶¶ 1, 57-78. The relevant proceedings are a federal securities fraud class action, a shareholder derivative action, and an investigation and ultimate enforcement action by the United States Securities and Exchange Commission

("SEC"). *Id.* at ¶ 1. Those proceedings involve a core of conduct which is alleged in the body of the complaint. The defendants argue that the court must dismiss the action because there exists no federal question sufficient to provide subject matter jurisdiction. The defendants are correct and, therefore, the court must dismiss for a lack of jurisdiction.

## BACKGROUND

According to Merge, the defendants carried out a revenue recognition scheme from 2002 to 2005 which resulted in Merge's failure to comply with "Generally Accepted Accounting Principles" ("GAAP"), which Merge claims amounted to fraudulent accounting practices. *Id.* at ¶¶ 7-9. Included in the alleged conduct is improper recognition of revenue, interference with an audit confirmation process between customers and Merge's outside auditor, and making false representations to the auditor. *Id.* at ¶¶ 8, 56. The specifics of the alleged conduct are well detailed. *See id.* at ¶¶ 25-56.

The proceedings recounted in the complaint occurred after Merge's audit committee discovered the conduct in question in 2006. *Id.* at ¶ 10. A shareholder derivative action resulted in settlement. *Id.* at ¶¶ 12-13. A shareholder also filed a class action alleging violations of federal securities law which was ultimately settled. *Id.* at ¶¶ 14-15. Additionally, the SEC investigated the conduct and filed a civil enforcement action against the defendants on November 4, 2009. *Id.* at ¶ 16. Pursuant to settlement, a final judgment was entered against the defendants. *Id.* at

¶¶ 16-18. In order for the defendants to receive advanced legal defense costs, both signed written affirmations of a good faith belief that they had not breached or failed to perform duties to Merge, as well as an undertaking to repay the costs if it was determined indemnification was not required under the Wisconsin Business Corporation Law. *Id.* at ¶¶ 19-20. The agreements call for indemnification and advancement of costs for the derivative action, class action, SEC investigation, and any further litigation or investigation. *Id.* at ¶ 21.

## ANALYSIS

The court finds that there is a lack of subject matter jurisdiction because there is no federal question that is a necessary element of any claim. If a court at any time finds subject matter jurisdiction lacking, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). District courts have original jurisdiction over actions arising out of federal law. 28 U.S.C. § 1331. Where "the law that creates the cause of action is state law, [] original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one . . . claim is 'really' one of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) (internal quotation omitted). This rule can effectively be broken into elements as follows: in order to satisfy federal question jurisdiction, the question must be: (1) disputed; (2) a necessary element of a claim; and (3) substantial.

The U.S. Supreme Court has placed great emphasis on the necessity prong. Where the administrator of a health-care plan under the Federal Employees Health Benefits Act ("FEHBA") initiated a tort suit in state court and the carrier subsequently filed for reimbursement in federal court, there was no subject matter jurisdiction. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677 (2006). After determining there was no federal cause of action, the Court turned to the federal element analysis and found the necessity prong lacking because the "bottom-line practical issue [was] the share of that settlement properly payable to Empire." *Id.* at 700. As the Seventh Circuit has explained, "a fact-specific application of rules that come from both federal and state law rather than a context-free inquiry into the meaning of a federal law" does not support federal question jurisdiction. *Bennett v. Sw. Airlines Co.*, 484 F.3d 907, 910 (7th Cir. 2007). Even where the Supreme Court accepted the premise that a state-law tort claim required interpretation of the Federal Food, Drug, and Cosmetic Act ("FDCA"), it did not find federal question jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804 (1986). That case involved a suit in tort where one claim was premised on FDCA labeling violations that allegedly constituted a rebuttable presumption of negligence as well as the direct and proximate cause of the injuries. *Id.* at 805-06. The Court found that a lack of a private remedy under the Act illustrated a congressional conclusion that the federal element was insufficiently substantial. *Id.* at 813.

Merge does not establish that the question at issue, alleged violation of federal securities law, is a necessary element of either claim. Under the Wisconsin Business Corporation Law, a corporation must indemnify an officer or director to the extent the person is successful "on the merits or otherwise in the defense of a proceeding" if the officer or director was a party by virtue of their position. Wis. Stat. § 180.0851(1). A corporation must also indemnify an officer or director against liability incurred in a proceeding to which the officer or director was a party because of their position. Wis. Stat. § 180.0851(2)(a). However, indemnification for liability is not required where the officer or director incurred liability due to breach of or failure to perform a duty owed to the corporation if the breach or failure constituted, *inter alia*, a transaction resulting in improper personal profit, or willful misconduct. Wis. Stat. § 180.0851(2)(a). Further, Wisconsin common law creates the obligation to perform duties under a contract. *Converting/Biophile Laboratories, Inc. v. Ludlow Composites Corp.*, 296 Wis. 2d 273, 286 (Wis. Ct. App. 2006).

Merge asks the court to declare that it need not indemnify the defendants with respect to the proceedings or their liability to the SEC. Merge further requests damages from the defendants' breach of their undertaking agreements. It does not dispute that the complaint pleads only state law causes of action (Pl.'s Br. in Opp. 2) (Docket #24), but maintains that a federal question underlies the claims sufficient for jurisdiction. In resolving the claim for declaratory judgment, the disposition turns upon determinations of whether the defendants were successful in their

proceedings, and whether they engaged in willful misconduct or obtained improper personal profit. In resolving the claim for breach, the disposition turns upon whether the defendants breached duties to Merge and whether indemnification is not due.

None of these determinations raise a federal question as a necessary element. As regards "success" in a proceeding, there is currently no Wisconsin case law interpreting this portion of the statute. The issue could easily be decided without requiring a determination of whether the defendants actually violated federal securities law. Similarly, the determination of willful misconduct has no guiding Wisconsin case law and could reasonably be decided on the facts without the necessity of finding, or ruling out, a violation of federal securities law. In both cases, analyzing the potential violation of federal law may provide a relevant guiding standard, but nothing under Wisconsin law mandates, or even suggests a preference for, finding a legal violation as a predicate for "willful misconduct" or finding a lack of "success" under the Wisconsin statute. The converse also demonstrates a lack of necessity. Under the current state of Wisconsin law, it is possible that even pursuant to a finding of federal securities law violation, such violation will not amount to willful misconduct or failure in a proceeding. This also holds true for determining whether the defendants received improper personal profit.

The same logic applies to the determination of breach. It is easily possible that a court could find the defendants breached or failed to perform a duty owed to Merge through the alleged conduct without predicating the finding on a violation of

securities law. Further, a finding in favor of repayment under the agreement is necessarily based on the first inquiry into the duty to indemnify, discussed above. Moreover, while the court is not deciding the substantiality of the federal law here, *Merrell Dow* does provide support for the conclusion that mere use of federal law as a guiding standard does not elevate the federal question to a level sufficient for jurisdiction. Thus, in neither claim is a finding that the defendants did or did not violate federal securities law a necessary element.

Merge argues that this is a situation in which federal securities law violations are the heart of the complaint and the principal wrongdoing. This is incorrect because it is the conduct itself, not whether federal law was violated, which is at issue. For example, the decisive questions posed are, "did the defendants engage in willful misconduct?" or "did the defendants succeed in their proceedings?" not "did the defendants violate federal securities law?" The case here necessarily turns on the interpretation of *state* law (underdeveloped, at that), not federal law.[1] Merge's references to federal law in the complaint do not, on the power of their invocation alone, establish a federal question sufficiently necessary to establish jurisdiction.

Merge points to a number of cases, all non-binding, purporting to bolster its argument. It claims that, here, the state-law cause of action provides a vehicle for "the vindication of rights and definition of relationships created by federal law." *W.*

---

[1]This is not to say that the necessity of state law interpretation to a claim obviates the possibility that federal law interpretation is also necessary to a claim, but the necessity of state-law interpretation here stands in stark contrast to the non-determinative quality of the federal question.

*14th St. Commercial Corp. v. 5 W. 14th Owners Corp.*, 815 F.2d 188, 196 (2d Cir. 1987). First, the relevant portion of analysis is dictum, as the court found an express statutory provision creating a federal cause of action. *Id.* at 193-94. Even were the case or analysis binding, Merge's application is incorrect. Merge is not seeking to vindicate rights and define relationships under federal law, it is looking to vindicate its right to fees originally advanced under state-law obligation, and allegedly due back under state-law obligation.

Another Second Circuit opinion which Merge relies heavily upon is equally misapplied, even were it binding. Merge argues that "because [it] has available . . . one avenue that does not require an application of federal securities laws does not extinguish . . . jurisdiction for the other avenues that *do* require application of federal securities laws." (Pl.'s Br. in Opp. 5). Merge then points to a case indicating that because of the "strong federal interest" in interpreting and applying the law, and because the claims were based "in large part" on federal securities law, jurisdiction existed. *D'Alessio v. N.Y. Stock Exch.*, 258 F.3d 93, 100, 103 (2d Cir. 2001). Merge conflates the necessity prong with the substantiality prong. The Second Circuit's reference to a strong federal interest made up part of the analysis of whether the federal interest was substantial, not whether it was necessary. *Id.* at 100 ("NYSE argues that removal was proper because the federal issues . . . are sufficiently substantial"). On the other hand, the court's second phrase, "in large part," does seem to reference the necessity prong. *Id.* at 103-04 (noting claims "necessarily

require a court" to construe federal law).[2] But again, Merge has not shown necessity. Its position that jurisdiction is not defeated by the availability of alternate avenues of disposition outside federal law is wholly contradictory to the meaning of "necessary." An alternative is not a necessity.[3]

Merge's brief citation to a Ninth Circuit case is similarly unavailing. Again, the relevant analysis is dictum as the court found jurisdiction under 15 U.S.C. § 78aa. *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1212 (9th Cir. 1998). Even so, the court's discussion noted that "[i]f NASD's actions conformed to [federal law], there can be no viable cause of action." *Id.* That is not the case here, as Merge itself has noted in its brief. It is entirely possible that a viable cause of action exists without a finding that the defendants violated securities law.

Merge's strongest citation, again non-binding, is to a Northern District of Ohio case which presents a very similar fact pattern to the one here. *See In re Goodyear Tire & Rubber Co. Derivative Litig.*, No. 5:03CV2180 (N.D. Ohio April 7, 2004). However, that case involved a derivative action specifically seeking redress for breach of fiduciary duty, abuse of control, gross mismanagement, waste of corporate assets, and unjust enrichment. *Id.* at 1-2. The court only mentions that "a determination of whether Defendants have violated federal law is necessary given

---

[2] However, a reading of the case suggests the court relied only on the substantiality prong, and to the extent it discussed necessity it appears to have either poorly chosen its words or conflated the two prongs.

[3] A range of alternatives may collectively constitute a necessity, in that one must exist to achieve sufficiency, but each individual alternative is not in and of itself a necessity.

the fact that the complaints themselves plead that the causes of action are premised, in large part, on those violations." *Id.* at 4. This is the only discussion of the necessity prong, and this court respectfully finds it unpersuasive given the lack of analysis as to why federal law was necessary to the disposition of the claims.[4]

Finally, Merge attempts to explain away the most relevant case law briefed, but is not successful. In *Empire Healthchoice*, Merge posits, the Supreme Court held that because federal preemption extended to some areas of FEHBA, but not to reimbursement, the reimbursement claim under a federal contract arose from state law. 547 U.S. at 696. Merge then attempts to distinguish the case, stating that here, there is "little question that violations of federal securities law are unquestionably federal questions." (Pl.'s Br. in Opp. 8). It is true *a priori* that questions concerning violations of federal law are questions of federal law, but it is beside the point here. The issue is not whether any federal question exists in Merge's claim, but whether a *necessary* one exists and, as illustrated above, there does not.

In passing, Merge also argues that "to the extent" the Supreme Court's decision in *Merrell Dow* has relevance to this case, it demonstrates jurisdiction because federal securities law creates a private right of action. *Id.* Merge is correct that *Merrell Dow* found a lack of jurisdiction because the FDCA did not provide a

---

[4]Merge also string cites a litany of other non-binding cases from outside the circuit. (Pl.'s Br. in Opp. 5 n.3). The court declines to analyze each in comparable depth because all identify the same legal principle applied here, and are either distinguishable or unpersuasive. The court has fully explained its analysis here.

private right of action. 478 U.S. at 810-12. But simply because the federal securities law in question *does* create a private right of action, does not create jurisdiction here. *Merrell Dow* found the federal question insubstantial because of the lack of a right of action. The case does not proclaim a rule that federal law providing a private remedy is sufficient by itself as an element to provide federal question jurisdiction. A federal law with a private right of action is only sufficient on that basis alone when the action is brought pursuant to that right. As previously noted, the case implies that mere use of federal law as a guiding standard to establish a state law element is insufficient for jurisdiction. That is the case here, and supports the conclusion that there is no subject matter jurisdiction.

**CONCLUSION**

Merge's suit arises from a state-law cause of action, and any interpretation of federal law provides only a possible resolution to both alleged state-law claims, not a necessary one. Thus, neither claim arises out of federal law and federal question jurisdiction does not exist. Therefore, the court concludes that it lacks subject matter jurisdiction over the claims and must grant the defendants' motion and dismiss the action.

Accordingly,

**IT IS ORDERED** that the defendants' Motion to Dismiss for Lack of Jurisdiction (Docket #18) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** for lack of subject matter jurisdiction.

The clerk of court is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge